IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL EUGENE STEVENSON, # 262775, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:18cv493-MHT |
| ) | (WO) |
| KARLA WALKER JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Alabama inmate Michael Eugene Stevenson is before the court on his self-styled "Motion for Permission to File § 2254 Habeas Corpus and Removal from State Courts." Doc. No. 1. Stevenson argues he is being held illegally on his September 2001 guilty-plea convictions, entered in the Circuit Court of Jefferson County, for one count of second-degree receiving stolen property and one count of attempted production of pornography depicting a person under 17 years of age. Stevenson was sentenced to concurrent terms of 30 years' imprisonment for the attempted-production-of-pornography conviction and 15 years' imprisonment for the receiving-stolen-property conviction.

Stevenson, who is incarcerated at the Ventress Correctional Facility in Clayton, Alabama, is in custody under the judgment of a state court. A petition for writ of habeas corpus under 28 U.S.C. § 2254 is the proper vehicle to challenge the constitutionality of a state court judgment in federal court.[1] Therefore, this court construes Stevenson's instant

---

[1] *See* 28 U.S.C. § 2254(a); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *Reyes v. Singer*, 2010 WL 680355, at *3 (N.D. Fla. Feb. 22, 2010).

motion to be a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging Stevenson's 2001 Jefferson County convictions and resulting sentence.

Although Stevenson asks this court for "removal" of his case from the state courts, it appears to that he is actually asking this court to excuse the exhaustion requirement for federal habeas corpus claims. Moreover, there is no legitimate basis for removal of a state criminal prosecution to federal court where the criminal action is not against an officer of the United States, or a person acting under an officer of the United States, for an act under color of a federal office. 28 U.S.C. § 1442(a)(1); *see Mesa v. California*, 489 U.S. 121, 129-34 (1989); *Willingham v. Morgan*, 395 U.S. 402 (1969).

## DISCUSSION

Title 28 U.S.C. § 2241(d) allows Stevenson to bring his instant § 2254 petition in either (a) the district court for the district wherein he is in custody (here, the Middle District of Alabama, where Ventress Correctional Facility is located), or (b) the district court for the district within which the state court that convicted and sentenced him was held (the Northern District of Alabama, where Jefferson County is located). Section 2241(d) provides that this court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d).

Because the matters complained of by Stevenson stem from his convictions and sentence entered by the Circuit Court Jefferson County, and since the records related to these matters are located in Jefferson County, this court finds that the furtherance of justice

and judicial economy will be best served by transferring this case to the United States District Court for Northern District of Alabama for review and disposition.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 11, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*).  See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 24th day of May, 2018.

                     /s/Terry F. Moorer
                 TERRY F. MOORER
                 UNITED STATES MAGISTRATE JUDGE